**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

THE GRAY CASUALTY & SURETY
COMPANY,

Plaintiff/Counter-Defendant,

v.                                                    Case No:   6:25-cv-2303-GAP-LHP

RLH CONSTRUCTION, LLC,

Defendant/Counter-Plaintiff/Third-
Party Plaintiff,

v.

OLYMPIC CONSTRUCTION LLC AND VADIM YAZYKOV,

Third Party Defendants.

---

## ORDER

Before the Court is a Renewed Third-Party Defendants Olympic Construction, LLC and Vadim Yazykov's Motion to Abate Discovery Pending the Resolution of Third-Party Defendants' Motion to Dismiss or Abate for Failure to Satisfy Condition Precedent of Presuit Mediation.   Doc. No. 48. Defendant/Third-Party Plaintiff RLH Construction, LLC opposes, Doc. No. 49, but Plaintiff/Counter-Defendant The Gray Casualty & Surety Company does not, Doc. No. 48, at 4.   Upon consideration, the motion (Doc. No. 48) is due to be denied.

As an initial matter, the motion is labeled "time-sensitive" without explanation, rendering denial on this basis alone appropriate. *See* Local Rule 3.01(f). Further, the motion fails to establish good cause or extraordinary circumstances warranting a stay of discovery, for the reasons that follow.[1]

The Court has broad discretion to stay discovery as part of its inherent authority to control its docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) ("[A] magistrate has broad discretion to stay discovery pending decision on a dispositive motion."). However, motions to stay discovery pending a ruling on a dispositive motion are generally disfavored in this District. *See* Middle District Discovery (2021) § (I)(E)(4). Indeed, "when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite

---

[1] The Court notes that in response, RLH Construction, LLC contends that the motion is untimely filed after movants' discovery responses came due. Doc. No. 49. However, movants filed their initial motion on June 22, 2026, which appears to be the date that their discovery responses were due. *See* Doc. Nos. 46, 48-1; *see also* Fed. R. Civ. P. 6(a)(1)(C). The Court denied that motion without prejudice on June 23, 2026, and movants refiled it the next day on June 24, 2026. Doc. Nos. 47, 48. Based on the filing of the initial motion, the Court is disinclined to hold that the motion was filed after the discovery responses were already due or deny the motion on that basis alone as RLH Construction, LLC requests.

That said, the pendency of a motion does not excuse the parties' failure to comply with deadlines. *See generally Patel v. Fed. Ins. Co.*, No. 6:23-cv-1842-PGB-LHP, 2024 WL 756183, at *1 (M.D. Fla. Feb. 23, 2024) ("[A] motion not acted upon is deemed denied."). The Court does not at this time speak to movants' apparent failure to timely respond to the discovery by the June 22, 2026 deadline.

discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261 (M.D.N.C. 1988)).

The moving party bears the burden of showing good cause to stay discovery. *Id.*; *see also* Middle District Discovery (2021) § (I)(E)(4) ("[U]nusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden."). In determining whether a stay of discovery is warranted, the Court must balance the harm produced by delay against the possibility that the dispositive motion will be granted and entirely eliminate the need for discovery. *Feldman*, 176 F.R.D. at 652. In making this determination, "it is necessary for the Court to take a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Id.* at 652–53 (quotations omitted).

Here, movants fail to show good cause warranting a stay of discovery. Movants point to only an alleged requirement that the parties engage in pre-suit mediation, and a motion seeking to dismiss or abate these proceedings until that occurs. Doc. No. 48; *see also* Doc. No. 38. Taking a "preliminary peek" at the underlying motion (Doc. No. 38), and without expressing any opinion as to its final resolution, the undersigned is not convinced that the motion is so clearly meritorious such that a stay of discovery is warranted. And notably, even if it were

meritorious, it might not end this litigation. "Absent a clear indication a case will be dismissed in its entirety, a motion to stay should be denied." *McCrimmon v. Centurion of Fla., LLC,* No. 3:20-cv-36-J-39JRK, 2020 WL 6287681, at *2 (M.D. Fla. Oct. 27, 2020); *see also, e.g., Odes v. Harris*, No. 12-61561-CIV, 2013 WL 11942260, at *2 (S.D. Fla. Mar. 4, 2013) (denying motion to stay discovery pending resolution of a motion to dismiss for failure to engage in pre-suit mediation and for improper venue).

Nor have movants carried their burden of demonstrating "unusual circumstances," or specific burden or prejudice by lack of a stay. *See* Middle District Discovery (2021) § (I)(E)(4). Movants argue only that if they "play an active part in discovery, it could be construed as a waiver of pre-suit mediation," but they cite no evidence to support this argument, nor do the cited cases address pre-suit mediation. Doc. No. 48, at 2; *see Bland v. Green Acres Group, L.L.C.*, 12 So. 3d 822 (Fla. Dist. Ct. App. 2009); *Coral 97 Associates LTD. v. Chino Elec., Inc.*, 501 So. 2d 69 (Fla. Dist. Ct. App. 1987). Accordingly, the Court finds the argument unpersuasive. And movants argue no other prejudice absent a stay. *See* Doc. No. 48. *See also, e.g., Wiand v. ATC Brokers Ltd.*, No. 8:21-cv-01317-MSS-AAS, 2022 WL 1239373, at *2 (M.D. Fla. Apr. 27, 2022) (denying stay of discovery where the defendants did not establish good cause to justify the stay, and there was no finding

that the defendants would be prejudiced or burdened by engaging in discovery before the motions to dismiss were resolved).

In sum, the undersigned finds that the harm produced by delay in staying discovery outweighs the possibility that the need for discovery will be entirely eliminated. *See Feldman*, 176 F.R.D. at 652. Accordingly, the Renewed Third-Party Defendants Olympic Construction, LLC and Vadim Yazykov's Motion to Abate Discovery Pending the Resolution of Third-Party Defendants' Motion to Dismiss or Abate for Failure to Satisfy Condition Precedent of Presuit Mediation (Doc. No. 48) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on June 29, 2026.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record